CASE 58—PETITIONS EQUITY—MAY 1.

# Long, &c v. City of Louisville.
# Sale v. City of Louisville.
# Hoskins v. City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. TAXATION—REPEAL OF STATUTES.—Neither the new constitution nor the charter for cities of the first class passed July 1, 1893, was intended to release taxes assessed under the charter of the city of Louisville theretofore in force, or to destroy any of the existing remedies for their recovery, and therefore, as to all outstanding unpaid taxes assessed and levied by the city of Louisville prior to July 1, 1893, the remedies theretofore provided for their collection and recovery may still be invoked.

2. RETROSPECTIVE LEGISLATION.—Neither constitutions nor statutes should be given a retrospective operation unless the language used clearly shows such an intention.

LANE & BURNETT FOR APPELLANTS.

1. The constitution by its own inherent force upon the passage of the act of July 1, 1893, for the government of cities of the first class, repealed an act of May 12, 1884, which provided for the levying and collecting taxes in the city of Louisville and remedies for enforcing same. The act of July, 1893, having failed to preserve and continue in force the provisions of the act thus repealed, actions for the collection of taxes instituted before and pending at the time of the organization of cities of the first class as such under the act of July, 1893, can not be prosecuted. (Sec. 3, Art. 1, Act May, 1884, Vol. 1, Sess. Acts, 1883-4, p. 1261; *Idem*, sec. 1, Art. 4, p. 1274; *Idem*, sec. 7, Art. 4

p. 1274; *Idem*, sec. 9, art. 4, p. 1280; Sess. Acts, 1885-6, vol. 2, p. 916; sub-secs. 15, 17, sec. 59, secs. 245, 156, 166, 171, 51, 52 of the Constitution; secs. 1, 2, Schedule of the Constitution.

2. It belongs to the legislature alone to prescribe the method and the agencies to be used in the collection of a tax, the conditions upon which they are to be invoked and the limit of their duration, and for the courts to supply any omission in these particulars is an invasion by the judiciary of powers belonging exclusively to the legislative department; therefore, the courts can not in this case supply the remedies which the act of July, 1893, failed to preserve and continue. (McLean v. Deposit Bank, 81 Ky., 258; Jones v. Gibson, 82 Ky., 563; Baldwin v. Hewitt, 88 Ky., 682; Louisville v. Commonwealth, 89 Ky., 254; Thompson, v. Allen County, 4 Ky., Law Rep., 101; Dumesnil v. Louisville, 2 Ky. Law Rep., 431; Garrett v. Merriweather, 102 U. S., 501; Thompson v. Allen Co., 115 U. S., 558; Louisville Trust Co. v. Muhlenberg, 15 Ky. Law Rep., 397; Williams v. County, 35 Maine, 349; Butler v. Palmer, 1 Hill, 324; Commissioners ex parte, 30 Maine, 221; Commonwealth v. Cain, 14 Bush, 536; Rice v. Wright, 46 Miss., 682; In re North Street Canal 10 Watts, 351; Stover v. Munnell, 1 Watts, 248; Assessors v. Osbourne, 9 Wallace, 567; Ex parte McCardle, 7 Wallace, 514; South Carolina v. Giliard, 101 U. S., 433; Railroad Company v. Grant, 96 U. S., 401; Sutherland on Statutory Construction, sec. 165; Endlich on Interpretation of Statutes, sec 479; Sedgwick on Construction of Statutes and Constitutional Law, 112; Sess. Acts, 1891-2-3, secs. 194, 210, 219; Topeka v. Gilett, 32 Kans., 435; State v. Smith, 48 Ohio St., 217; State v. Pugh, 43 Ohio St., 112; State v. Mitchell, 31 Ohio. St., 607; State v. Constantine, 42 Ohio St., 444; Devine v. Cook, 84 Ill., 592; State v. Herman, 75 Mo., 352; Commonwealth v. Patton, 88 Pa. St., 260; State v. Hammer, 42 N. J. L., 439; Contieri v. New Brunswick, 44 N. J. L., 59; Sutherland on Statutory Construction, 129; Board v. Wilson, 52 Ark., 295; Watkins v. Eureka, 49 Ark., 135; Titusville v. Keystone. 122 Pa. St., 634; Board v. Trenton, 53 N. J. L., 580; Smails v. White, 4 Neb., 353; Todd v. State, 85 Ala., 341; Portland v. Stock, 2 Oregon, 69; Haring v. State, 51 N. J. L., 390; State v. McNeal, 48 N. J. L., 406; Blakemore v. Dolan, 50 Ind., 194; Varney v. Justice, 86 Ky., 600.)

3. The constitution of 1891, saved to the city of Louisville all the matters concluded and completed, but it preserved no power, right, jurisdiction or remedy beyond the period fixed by the constitution as the limit of the duration of its charter; hence with the passage and approval of the act of July, 1893, the charter and every act not fully ripened by its completion perished to-

gether. (Thweatt v. Bank of Hopkinsville, 81 Ky., 1; Speckert v. City of Louisville, 78 Ky., 287; Commonwealth v. Sherman, 85 Ky., 692; Sess. Acts, 1891-2-3, sec. 20, Art. 1, p. 282; City of Louisville v. Johnson, 15 Ky., Law Rep., 617; Commonwealth v. McFerran, 152 Pa. St., 250; State v. O'Niell, 25 Atlantic, 273; City v. Grable, 38 Pa. St., 340; Bangor v. Goding, 35 Maine, 73; Gray v. Carlton, 35 Maine, 482; Kirkpatrick v. New Brunswick, 40 N. J. L., 52; K. C. R. Co. v. Commonwealth, 13 Ky., Law Rep., 484; Dillon on Municipal Corporations, sec. 659; City of Louisville v. Louisville Gas Co., 15 Ky., Law. Rep., 178; Ormsby v. City of Louisville, 79 Ky., 202; L. & N. R. Co., v. Hopkins, 87 Ky., 615; K. C. R. Co. v. Pendleton, 8 Ky., Law Rep., 517; L. & N. R. Co. v. Commonwealth, 89 Ky., 538; Camden v. Allen, 2 Dutcher, 599; Belvidere v. Warren, 34 N. J. L., 193; Bryan v. Harvey, 11 Texas, 313; Commonwealth v. Standard, 101 Pa. St., 150; Mount v. State, 6 Blackford, 25; McQuillen v. Doe, 8 Blackford, 583; Dwarris on Statutes, 676; State v. Hill, 70 Miss., 106.)

4. Effect can be given to legislative intent only when it is constitutionally expressed, and when the legislature itself is not inhibited by the constitution.

R. W. WOOLLEY OF COUNSEL ON THE SAME SIDE.

LAF. JOSEPH FOR APPELLEE.

1. The repeal of the old charter of the city of Louisville did not have the effect to repeal the right to sue for taxes assessed and levied under the same, which remained unpaid after the repeal, nor to repeal the jurisdiction of courts in actions brought prior to and pending at the time of the repeal. (Constitution secs. 166, 171, 52, 125, 126.)

2. When the law is altered pending an action the rights of the parties are decided according to the law as it existed when the action was begun, unless the new statute shows a clear intention to vary such rights. (Endlich on Interpretation of Statutes, secs. 228, 271, 520.)

3. Constitutions and statutes should be given a prospective construction unless the language thereof clearly indicates that it shall be retrospective. (Endlich on Interpretation of Statutes, secs. 228, 271, 520; Dash v. VanKleek, 7 John., 503; Pacific & Atlantic Telegraph Co. v. Commonwealth, 66 Pa. St., 70; Cooley on Taxation, 294-7; Cooley's Constitutional Limitations, 77; Slack v. Maysville & Lexington R. Co., 13 B. M., 11.)

4. As provided in sec. 2979 of the Kentucky Statutes, all taxes of cities of the first class "already levied or imposed under ex-

isting laws and not yet paid remain payable" unless the contrary intention is expressed in the terms of the statute. (Kentucky Statutes, secs. 459, 465, 2979;Schedule of the New Constitution; Meyer on Vested Rights, sec. 1447; Amer. & Eng. Cor. Cases, Vol. 33, 688; City of Louisville v. Johnson, 15 Ky., Law Rep., 615; 15 Ky., Law Rep., 33; Sess. Acts, 1885-6, Vol. 1, p. 916.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

These several causes coming from the Jefferson Circuit Court, and involving the same questions, by consent are heard together.

The main question presented by each appeal is one of taxation by the city of Louisville under authority of the old charter, all arising prior to the act incorporating cities of the first class in Kentucky, passed by the legislature July 1, 1893, the taxes claimed against Long and wife being for the years 1888 and 1889, and against Sale for 1888, 1891 and 1892, and against Hoskins for 1888. Each appeal arising on suits filed in the court below by the city of Louisville against the several parties before named, and judgments having been rendered in each case in favor of the city for the amount of the taxes claimed, the parties severally prosecute their appeals.

The taxes claimed to be due by these several parties defendant in the court below arose for the several years designated, under and by authority given to the city of Louisville by act of the legislature of date May 12, 1884, entitled "An act to revise and amend the tax laws of the city of Louisville." And by it the city of Louisville was invested with the power, and charged with the duty, on the conditions and under the limitations therein set out, of assessing, levying and collecting *ad valorem* taxes at certain rates. This act fixed the maturity of these taxes, provided for interest on them after maturity, secured their payment by a lien on the property assessed, and gave the right to have the

lien enforced by an equitable action, in the event the minis-
terial remedies for their collection failed. And the original
act, and an amendment to same, of date May 1, 1886, pro-
vided that in such actions the tax bills authenticated by the
*fac simile* signature of the assessor, should be evidence suffi-
cient to make out a *prima facie* case in behalf of the city.

It is conceded by counsel for appellants that the acts of
May 12, 1884, and May 11, 1886, authorized the assessment
and levy of the taxes sued for, that those acts declared a
lien on the property assessed for the payment, and that they
allowed interest as claimed, and conferred jurisdiction on
the Louisville Chancery Court by suit. The taxes sued for
were so assessed and levied under those statutes, and re-
mained unpaid when these suits were filed. The contention
of the city of Louisville is that these acts remain in full force
and effect as to all taxes assessed and levied prior to the
passage of the general act of incorporation of July 1, 1893.
While the contention of the appellants is, that on the adop-
tion of this act of 1893, all prior laws pertaining to the
city of Louisville authorizing the collection of any taxes
past due and unpaid were thereby repealed, and that
authority to collect same not being given in the new law,
none exists.

Appellants insist first, that it belongs to the legislative
department of the government alone to prescribe the
method and designate the agencies which may be lawfully
invoked for the collection of taxes, even where lawfully as-
sessed and levied, and that it is not within the power or au-
thority of the judicial department to establish and to afford
these remedies, where the legislature has failed to do so.

And second, appellants say that these several municipal
governments are mere local agencies of the State, from
whom they derived all the authority they possess. That with-

out this authority they can do nothing, and that while prior
to the adoption of the new constitution of date September
28, 1891, the State might from time to time grant such
charters to the several cities in the Commonwealth, and
change, alter and amend same at will, yet that after the
adoption of the present constitution all such special legis-
lation was prohibited, and that these cities could only be in-
corporated under general charters, provided for and appli-
cable alike to each city of that particular class, which was
by the constitution authorized to be made.   And that after
the date of the act incorporating cities of the first class ap-
plicable at the time only to the city of Louisville, all previ-
ous acts of incorporation of every character and kind, in-
cluding the right to assess, levy and collect taxes past due,
were abrogated, annulled and forever destroyed.

And appellants contend further that there being no au-
thority conferred by the new charter of July 1, 1893, for the
enforcement and collection of any tax prior to that year, and
sued for in these actions, therefore same can not be
maintained.  That there is now no remedial process known
to the constitution and the law for the collection of any tax
assessed, levied, due and unpaid prior to July 1, 1893.

Appellants say that this legislative will or authority to so
collect has not been given, and can not be implied or exer-
cised by the courts.

Such seems to be the contention of appellants as gathered
by an examination of the brief of counsel on file in these
suits.

Counsel for appellant have made a most exhaustive ex-
amination and collection of authorities in support of their
several propositions, and without undertaking to embody
same in this opinion or to review specifically each one, we
think we may say that much for which appellants contend

seems to be good law, and amply supported by the authorities cited.

For instance, it is certainly true that the constitution provides by sec. 156, for the division of the several cities and towns of the Commonwealth into six classes, for the purposes of their organization and government. And that the organization and government of each class should be by general laws, so that each municipal corporation of the same class should possess the same powers, and be subject to the same restrictions.

Sec. 166 of the constitution continued in force all previous acts of incorporation of the several cities and towns of the State, until such time as the legislature should make the division into classes, and provide by general laws for the goverment of same, as in case of city of Louisville, July 1, 1893. And providing that thereupon the former charter and acts of incorporation and amendments thereto should cease, become inoperative and void. This provision, however, as we shall see hereafter, is limited by other provisions, certainly in so far as back taxes are concerned.

Counsel also cites sec. 171 of the constitution as providing that all taxes shall be collected by general laws. This section, however, we apprehend, is prospective only and not retrospective.

Counsel for appellants are doubtless correct in the general proposition that taxes by municipal governments can only be assessed, levied or collected by the special and particular laws granted and passed by the legislature for this purpose.

They are doubtless correct in saying that a tax once authorized, assessed and levied, though remaining uncollected, may be either destroyed, or its collection rendered impossi-

ble, by the repeal of the laws theretofore in force authorizing such assessment, levy and collection.

Counsel are doubtless correct in saying that strictly speaking, and within the line of good authority, taxes are not debts. That they do not lie in any agreement or contract between the citizen and the State, or the municipal authority, but that they are properly speaking imposts laid by authority of the government, as the State, or a city or county. And, further, that in the absence of an express declaration and authority taxes are not a lien on the property assessed, neither do they bear interest after maturity, unless expressly so provided by the legislative authority. Neither does the jurisdiction of courts of equity attach, nor can it be made the medium or authority for the enforcement of any lien, or for the collection of taxes, without express authority. These matters are, however, all dependent on the question as to whether these acts of 1884 and 1886, in so far as they pertain to taxes levied under and by that authority, are still in force.

Counsel for appellants cite sec. 59 of the constitution and the several subsections thereof prohibiting special legislation. This section they commend highly, and seem to apprehend that if their clients are required to pay the taxes sued for, this section will be utterly abrogated and annulled. Counsel reach this conclusion upon the idea that by. this act of incorporation of cities of the first class, of date July 1, 1893, all former laws providing for the collection of these taxes were repealed. And that this authority is not given by this act of July, 1893, so that none exists. They say it is but an ineffectual attempt to continue this authority to collect back taxes in the act of 1893, and that because this reference can be only to the city of Louisville, it is prohibited as special legislation.

Quite a number of decisions are cited from other States showing the strictness with which they have upheld and maintained clauses in their several constitutions prohibiting special legislation in all cases where applicable.

We have neither the time to examine these authorities in detail, nor do we know that it would be a profitable employment, for, after all, the questions presented in these cases must be determined by our own constitution and the laws not inconsistent with same.

In reference to our constitution and the act of July 1, 1893, we thing we may safely conclude that both were intended by the makers to be prospective, and not retrospecive, in their application to the subject of taxation.

This seems to be the general rule of construction or interpretation supported by Mr. Cooley. He says, in his work on taxation, p. 294: "Always construe statutes as prospective and not retrospective, unless constrained to the contrary course by the rigor of the phraseology."

Again, in his work on Constitutional Limitations, p. 77, he says: "We shall venture also to express the opinion that a constitution should operate prospectively only, unless the words employed show a clear intention that it should have a retrospective effect. This is the rule in regard to statutes, and it is one of such obvious convenience and justice that it must always be adhered to in the construction of statutes, unless in cases where there is something on the face of the enactment putting it beyond doubt that the legislature meant it to operate retrospectively. Retrospective legislation, except where designed to cure some formal defect or otherwise operate remedially, is commonly objectionable in principle, and apt to result in injustice. And it is a sound rule of construction which refuses lightly to imply an attempt to enact it.

Long, &c v. City of Louisville.

And we are aware of no reasons applicable to ordinary legislation which do not upon this point apply equally well to constitutions.

On this same line this court held in the case of Slack v. Maysville & Lexington R. Co., 13 B. M., 1, "that principles of justice and general expediency require that the provisions of the new constitution (speaking then of the constitution of 1850) should have a prospective, and not a retrospective, operation, unless otherwise clearly indicated, which is not the case here; and this case is decided on the principles and provisions of the old constitution."

Again Mr. Kent, in the case of Beadleston v. Sprague, 6 Johns, R., 101, says: "This court unhesitatingly acknowledges the principle that a statute is not to be construed so as to work a destruction of a right previously attached. We are to presume, out of respect to the law-giver, that the statute was not intended to operate retrospectively. And if we call our attention to the general sense of mankind on the subject of retrospective laws, it will afford us the best reason to conclude that the legislature did not intend in this case to set so pernicious a precedent."

Considering the cases at bar in the light of the authority and principles just quoted, we stop to inquire upon what principle of justice, law or equity is it that these taxes should not be paid? They are only the same in kind, rate, and amount levied upon all property similarly situated. It is not denied that these several appellants were the owners of the property assessed for the different years, nor was any evidence offered in the court below to show that it was not assessed at its fair value. It may be fairly presumed that all others have paid their taxes for the years indicated. Neither can it be denied that the revenue raised from these taxes goes to the support of the municipal gov-

ernment of the city of Louisville, to pay its expenses, pay the interest on its outstanding bonds, support its public schools, and other matters of a similar character. Then why, we repeat, should these appellants be excused by the court from contributing their just proportions to the public burden?

What object could the convention that framed our new constitution possibly have had in so framing that instrument as to excuse or exempt these people from the payment of the taxes due for previous years? Or what motive could the legislature in July, 1893, while faithfully endeavoring to carry out and apply the provisions of that constitution to the city of Louisville, have had to so exempt these delinquent tax payers from their just dues for taxes under pre-existing laws?·

We do not think it was the purpose of either body to do this thing. Neither do we think they have done so. We think ample provision was made in the constitution itself to guard against any such possible contingency. In fact, by sec. 52 of the constitution it is provided that "the General Assembly shall have no power to release, extinguish, or authorize the releasing or extinguishing, in whole or in part, the indebtedness or liability of any corporation or individual to this Commonwealth, or to any county or municipality thereof."

So, if the legislature could not do this directly, what force has the argument that by inadvertence and unintentionally in the manner and form of expression used in the charter of cities of the first class (including the city of Louisville), they have destroyed this right to recover the taxes due, under previous laws duly passed?

The provisions of the constitution, which we think modify the sweeping extent of the sections quoted by appel-

lants, and which we think preserve both the taxes and the right to all remedial process for the recovery of same, are as follows, viz.:

The schedule recites:

"That no inconvenience may arise from the alterations and amendments made in this constitution, and in order to carry the same into complete operation, it is hereby declared and ordained:

"*First:* That all laws of this Commonwealth in force at the time of the adoption of this constitution, not inconsistent therewith, shall remain in full force, until altered or repealed by the General Assembly, and all *rights, actions*, prosecutions, claims, and contracts of State, counties, individuals, or bodies corporate, not inconsistent therewith, shall continue as valid as if this constitution had not been adopted. . . .

"*Second:* That all recognizances, obligations and all other instruments entered into or executed before the adoption of this constitution, to the State, or to any city, town, county, or subdivision thereof, and all fines, *taxes*, penalties and forfeitures due or owing to this State, or to any city, town, county, or subdivision thereof; and all writs, prosecutions, *actions* and *causes of action*, except as otherwise herein provided, shall continue and remain unaffected by the adoption of this constitution."

Reading the provisions of the constitution relied upon by counsel for appellants in the light of these provisions, and reading the act of July 1, 1893, in the same way, we entertain no doubt that it was the purpose of both the convention and the legislature to preserve intact and inviolate the *taxes* due and payable by the property owners of the city of Louisville, prior to the adoption of the constitution, and prior to the passage of the act of July 1, 1893. Recog-

nizing that there was no good reason, legal or moral, why the appellants should be discharged from taxes then past due and unpaid, and reading both the constitution and the act of July 1, 1893, in the light that they were each intended to be prospective and not retrospective in their operation, we fail to find any provision releasing these taxes, or destroying the remedy theretofore given for their recovery.

When by the first provision of this schedule we read that *all rights, all actions* and all *claims* shall continue and remain as valid as if this constitution had never been adopted, we think these words used might be applied to the right of the city to collect taxes past due and unpaid. And when it says that all *actions* are *preserved*, it embraces and includes actions for the recovery of taxes then authorized to be filed and pending in the Louisville Chancery Court, as well as any and every other action.

And, again, when it says that *all taxes* due and owing to the State, or to any city, town, county or subdivision thereof, shall continue and remain unaffected by the constitution, we conclude there is no escape from this liability.

What matters it to the city or to the individual whether the right of taxation be destroyed, or all remedy for collection of same be taken away. In either event the result would be the same. We fail to find that it was the intention of the convention or the legislature to do either. The declaration "that these taxes shall be and remain unaffected by this constitution" applies as well to the remedy as to the right.

Counsel argue that neither the right of taxation nor the remedy for collection of taxes due and unpaid prior to July 1, 1893, was given by that act. This may be true. Having been fully secured by previous acts of 1884 and 1886, which

are left in full force, it needed no other or *new* authority. The old statute was all sufficient.

The act of July 1, 1893, was chiefly prospective in its operation, and while it need not to have referred to taxes for previous years unpaid, yet it did enact by sec. 194:

"That all taxes already levied or imposed under existing laws, and not yet paid, remain payable, unless the contrary be herein after provided." There was no other provision. If any legislative authority had been needed to continue in force these taxes and the liability of appellants to pay same, this seems full, clear and ample. This section appears in the act incorporating cities of the first class, without any reference to the city of Louisville. True, it doubtless applies to her, being in that class, but by its terms, intent and meaning it would apply equally to other cities, if there were any other, in that class.

And yet appellants would argue that the court must judicially know that there was no other city in Kentucky in the first class than the city of Louisville, and that, therefore, the statute can apply only to the city of Louisville, and hence is obnoxious to the provision of the constitution, sec. 59, against special legislation.

We confess we are not so impressed with the soundness of this reasoning as to apply it in behalf of the delinquent tax-payer, and thus enable him to avoid a legal and moral obligation to bear his just proportion of the public burden.

Some reference is made by counsel as to an ineffectual attempt to perpetuate the rule of *prima facie* evidence attached to the assessor's certificate, as made in this act of July 1, 1893, and in applying same only to the years 1885 and 1886. We have seen that this is immaterial, as this rule of evidence is embodied in the act of May 11, 1886, and is still in force, applicable to the taxes sued for.

And again, some comment is made on sec. 219 as an ineffectual attempt to preserve this right of action. The clause, though carelessly worded, only intended to say that in the collection of taxes theretofore due and unpaid by suits in chancery, where any suit had been theretofore filed (of course it meant under pre-existing laws), and that where yet other taxes might thereafter accrue under this act of July 1, 1893, another suit might be brought to collect same, and that then the court might proceed to hear and give judgment separately or jointly in its discretion. A statute of no special value, yet looking in some degree to the suits already pending as in these cases, at the time of its passage.

We regret the length to which this opinion has extended, but we regard the question presented as being one of general public interest, and apprehend that other suits than these on appeal may be dependent on this decision. And then we desired to notice the chief points made by appellants both under the constitution and the acts of the legislature applicable to the cases under consideration.

Our conclusion is that as to all outstanding, unpaid taxes duly assessed and levied in and by the city of Louisville prior to July 1, 1893, "all rights are reserved."

Wherefore the judgments of the lower court in each of these several appeals, in affirming the validity of the taxes sued for, allowing interest and enforcing the remedies asked for their collection, are affirmed.