CASE 59—PETITION EQUITY—MAY 2.

| 99 | 357 |
| e113 | 617 |

| 99 | 357 |
| 119 | 802 |

# Pearce v. Mason County, et al.

| 99 | 357 |
| 129 | 95 |

APPEAL FROM MASON CIRCUIT COURT.

1. REPEAL OF SPECIAL ACT BY GENERAL ONE—CONSTITUTIONAL
POLICY—CONSTRUCTION.—While it is probably the policy of our
new Constitution to have general laws substituted for local ones,
if an inspection of the general act shows an utter absence of legislative intent to affect the local act, by reason of not embracing
its leading and essential features, the courts will not distort the
legislative meaning in furtherance of such supposed policy.

   In view of that policy the courts may declare the general act
to be in substitution of the local ones, when they are satisfied
there is a substantial identity of subject matter and purpose in
the general and special acts. But in the end the subject of the
inquiry is the legislative intent and purpose in passing the general law.

2. CONSTITUTIONAL CONSTRUCTION.—Sub-sections 15 and 16 of section 59 of our Constitution, prohibiting the passage of local or
special legislation regulating or authorizing the levy and collection of taxes, or authorizing the opening, altering, maintaining or vacating roads, highways, streets, alleys, etc., look altogether to future legislation, and manifestly do not affect, directly or indirectly, the laws already in force; and the existing
special legislation on the subjects named in the various sub-sections of section 59, with respect to which special acts are now

prohibited, does not stand repealed by the mere force of such prohibition.

3. FISCAL COURT—POWER TO CARRY OUT GRANT OF AUTHORITY TO OLD COURT OF CLAIMS.—The fiscal court of a county has the power to carry out the provisions of a special act passed prior to the adoption of our present Constitution, which act granted the then existing court of levy and claims certain powers with reference to carrying into effect its provisions.

WILLIAM LINDSAY FOR APPELLANT.

1. The repeal of the 8th section of the act of 1886 withdrew the authority conferred upon the county court of Mason county to submit the proposition whether or not the people should be taxed to acquire control and to render free the turnpike roads of that county, or any portion of them, and destroyed the vitality of the whole act. (Weller v. Com., 14 Bush, 218.)

2. The act of 1886 was a local statute and purported to authorize the levy, assessment and collection of taxes, and also the opening and maintenance of roads and highways, and is therefore in conflict with sub-sections 15 and 16 of section 59 of the Constitution of Kentucky, and sections 171 and 181 of same.

3. Admitting that the act of 1886 is not so far inconsistent with the present constitution as that it ceased to be operative upon the adoption of that instrument, when the provisions of sections 171 and 181 of that instrument were put into effect by appropriate legislation, the local act certainly then became inoperative.

4. The provision in the act of October 17, 1892, creating fiscal courts in the counties of this State, that said fiscal courts should have jurisdiction over such matters relating to the levying of taxes as is by special act conferred on the county court or the court of levy and claims, is not such a delegation of power as was intended to keep alive local acts under which no action had been taken and under which at the time no taxes could be lawfully assessed, levied or collected.

A. M. J. COCHRAN ON SAME SIDE.

1. A law passed before the fiscal court of Mason county came into existence could not possibly confer upon it the jurisdiction or power to do anything. Its jurisdiction and power must be gathered from the instrument creating it or constitutional legislation subsequently enacted.

2. The act of 1892 creating fiscal courts, is unconstitutional in so far

as it attempts to confer upon the fiscal court of Mason county jurisdiction and power to act in lieu of the county court of levy and claims, that being special legislation which is prohibited by section 59 of the constitution.

3. The levying, assessment, and collection of taxes under the special act of 1886 is directly in conflict with section 171 of the Constitution which provides that all taxes shall be levied and collected by general laws; and the provisions of that section do not require legislation to put them into force.

4. General legislation has been had putting into force the provisions of sections 59, 171, and 181 of the Constitution, as to the levying and collecting of taxes, and the assessment, levy and collection could only be made under the general law.

L. W. ROBERTSON ON SAME SIDE.

1. Sub-section 16 of section 59 of the Constitution of Kentucky provides that authority for "opening and maintaining roads, highways, etc.," must be given by general laws, and all local and special legislation on that subject is inconsistent with the Constitution.

2. When the provisions of the Constitution are put into operation by a general law, however meager in its terms, or different from, and less comprehensive than the local law, all such special laws are thereby repealed.

3. If a general law covers the same general subject as the local act, it matters not that the local law provides more ways or modes or ampler authority for accomplishing the purposes of the law, the general law as provided by the Constitution must prevail and stand as the whole law of the case and all the law on that subject. (Piper v. Gunther, 95 Ky., 115.)

W. H. WADSWORTH ON SAME SIDE.

1. The vitality of the act of 1886 was made to depend upon section 8 thereof providing for vote of the people before its provisions should be effective, and the repeal of that section by the act of 1890 took from the law the power and force that made it an enactment, and operated as a repeal of the whole act. (Commonwealth v. Weller, 14 Bush, 218.)

2. The act of 1886 was repealed by section 171 of the Constitution, and the general legislation subsequent thereto on the subject of turnpikes.

3. The Legislature could not authorize the fiscal court of Mason

county to carry out the provisions of the special act of 1886, that court being a creature of the Constitution and subsequent legislation, and not a continuation of any former court; therefore such authority could not be conferred upon said court by reference to the special acts which would be a violation of section 51 of the Constitution; and if it could be conferred in that way, it would be in violation of sub-sections 15 and 16 of section 59 of the Constitution.

GARRETT S. WALL for appellee.

1. The appellant claims that the amendment of the local act of 1886 was repealed by the act of 1890, and if it does not, then the act of 1894 repeals said local act. (Acts 1885-86, Vol. 2, page 642; Acts 1889-90, Vol. 3, page 124; Acts 1894, secs. 4737 to 4741, Ky. Statutes.) In answer to this appellee states that the appellant virtually abandons first claim, in that he cites no authority in support of the position that, the "repeal of one section, repeals the entire act." (Commonwealth v. Weller, 14 Bush, page 218.) As to the act of 1894 appellee states that the appellant's position in reference to said act, has been answered so as to leave no room for argument, by this court in its ruling in the case of O'Mahoney v. Bullock, Vol. 31, South Western Law Reporter, page 878.

E. L. WORTHINGTON on same side.

1. The act of 1886 was a perfect law as soon as it was passed, and by its terms it took effect "from and after its passage." Section 8 thereof provided that the law should not take effect until submitted to a vote of the people of the county, and upon repeal of that section all other parts of the act remained in force just as they would if section 8 had never been incorporated therein, or had been stricken out by the legislature before the bill was first passed. (Commonwealth v. Weller, 14 Bush, 222.)

2. A prior local act which provides for levying a tax for free turnpikes is not repealed by sections 59 and 171 of the Constitution, and the general turnpike laws since passed; nor is such local act in conflict with section 181, all three of said sections being prospective and not retrospective in their action. (O'Mahoney v. Bullock, 17 Ky. Law Rep., 523; Long v. City of Louisville, 17 Ky. Law Rep., 253.)

3. All local and special laws passed prior to the Constitution are not inconsistent with section 59 thereof. (Piper v. Gunther, 95 Ky., 115.)

4. It was not intended by section 59 of the Constitution that all local and special acts theretofore passed should be repealed; nor does it impose any duty on future legislatures to repeal them. The rules for determining whether a local law has been repealed by a subsequent general law have not in any wise been changed by the Constitution. (Evans v. Phillipi, 117 Pa. St., 226; O'Mahoney v. Bullock, 17 Ky. Law Rep.)

5. It is the exclusive province of the Legislature to determine whether a general law can be made applicable, and not a province of the courts. (State v. Hitchcock, 1 Kan., 178; 81 Amer. Dec., 503; State v. County Court of Boone Co., 50 Mo., 317; 11 Amer. Rep., 415; State v. Tucker, 46 Ind., 355; Sutherland on Statutory Construction, sec. 117; Cooley's Con. Lim., 154.)

L. W. GALBRAITH ON SAME SIDE.

1. If the Act of 1886 is now in effect the appellant is without ground to reverse the judgment rendered by the Mason Circuit Court, for the reason that there is no claim that the acts of the fiscal court of Mason county and those from the doing of which, the appellant seeks to restrain the county officers, are not fully warranted by the provisions of said law.

2. The act of March 3, 1894, does not repeal the act of 1886 for the reason that by the reading of said act of 1894, there is no means of making the law, empowering fiscal courts to subscribe stock in turnpike roads, operative without its adoption by a majority vote in the respective counties. (Acts 1894, page 63, Ky. St., secs. 4737-4741.) No such vote having been held in Mason county, appellee raises the objection that it can not affect the repeal of a local law, otherwise in full force. (Sutherland on Statutory Construction, sec. 75; Spaldin v. Alford, 1st Pick. (Mass.), 33; Commonwealth v. Weller, 14 Bush, page 218; State v. Township Comm., 3 Centr. Rep., 351.) If this clause *does* show legislative intent to repeal any statute, the presumption is, that it was a general law to which it was directed and not a special. (Endlich on Interpretation of Statutes, sec. 233; Sutherland on Statutory Construction, sec. 147.) Implied repeals only grow out of such repugnance as makes it impossible for the two statutes to stand together. (Sutherland on Statutory Construction, sec. 138; U. S. v. Claflin, 97 U. S., 546, Amer. & Eng. Enc. of Law, Vol. 23-483; Beatty v. Commonwealth, 91 Ky., 318; Seefried v. Commonwealth, 101, Pa. St., 200; Commonwealth v. Weller, 14 Bush, 224.) When one statute is local and the other general, they will both be upheld and construed as forming one consis-

tent whole. (Commonwealth v. Cain, 14 Bush, 533; Adams Express Co. v. City of Lexington, 83 Ky., 657; Adams Express Co. v. City of Owensbort, 85 Ky., 265; Commonwealth v. Mason, 82 Ky., 632; Endlich on Interpretation of Statutes, 216-223; Sutherland on Construction of Statutes, 157; Cooley on Taxation, 294.)

**3.** The Legislature never had any intention of repealing the act of 1886 by the statute of 1894. There is neither identity of subject matter or purpose in the two statutes.

**4.** The prohibitions of the Constitution are prospective only in respect to special legislation and do not invalidate such local statutes as were in conformity with the Constitution when enacted and not otherwise inconsistent with the present Constitution. (Evans v. Phillipi, Pa., 9 Central Reports, 691.)

**5.** The statute of 1894 has no bearing on this case and cites the rulings of the Supreme Court in defense of the statement. (Piper v. Gunther, 95 Ky., 119; O'Mahoney v. Bullock, 31 South Western Reports, 878.)

W. H. HOLT ON SAME SIDE.

1. The act of 1886 was a perfect law immediately upon its enactment—its going into effect was to be upon condition of being first submitted to a vote of the people; if before its submission the Legislature repealed the clause containing that provision, it merely meant it should be operative without the submission.

2. Where in an act under the former Constitution powers were granted to the court of levy and claims of a county, those powers may be exercised by the fiscal court provided for in the new Constitution. (O'Mahoney v. Bullock, 17 Ky. Law Rep.)

3. Section 59 of the Constitution refers only to future legislation with reference to special acts, and not to legislation previously enacted. (O'Mahoney v. Bullock, 17 Ky. Law Rep.)

4. A general law or general words in a statute are not to be construed as repealing by implication a particular statute. (Sutherland on Statutory Construction, sec. 157; Cooley on Taxation, pp. 294-5.)

GEO. W. ADAIR, C. D. NEWELL AND MILTON JOHNSON ON SAME SIDE.

No brief in the record.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The principal question involved here is whether the local act of March, 1886, entitled "An act to provide free turnpike roads in Mason county," is yet in force.

The learned counsel for appellant rest their contention that it is no longer in force, not upon any provision of the Constitution expressly repealing it, or upon legislation subsequently had, if its effect be determined by the ordinary rules of statutory repeal, but the contention is that the policy of the Constitution, which demands the substitution of general laws for all local ones, is inconsistent with the act, and, therefore, when a general law on the subject of free turnpikes, such as may be found in the fragmentary and incomplete legislative enactments on that subject since the adoption of the Constitution, was adopted, it must be taken as a full and complete expression of legislative will on that behalf, and if even important omissions are observable in the general act, it is yet the whole law on the subject, so far as intended to be kept alive by the Legislature.

This principle may be admitted in a limited sense, but we are not prepared to accept the conclusions reached by counsel in the application of the principle. Surely if an inspection of the alleged general act shows an utter absence of legislative intent to affect the local act, by reason of not embracing its leading and essential features, we are not required to distort the legislative meaning in furtherance merely of a supposed constitutional policy.

While in view of this policy the courts may declare the general act to be in substitution of local ones, without it appearing that a repeal would be effected by the ordinary rules of statutory construction, where one statute can be held to repeal another, yet certainly the courts must, in the nature of things, before so declaring, be satisfied that there is sub-

stantial identity of subject-matter and purpose in the general and in the special acts, otherwise the conclusion must be reached that if the Legislature fails to enact a general law at all on a given subject, affected by local acts, it is the legislative intent that there shall be no law on that subject, and local acts with respect thereto must stand repealed. No such policy is apparent in the Constitution.

The intent and purpose of the Legislature, therefore, in adopting a general law is the proper subject of inquiry, and in this case we are satisfied, as we were in the O'Mahoney-Bullock case, 17 Ky. Law. Rep., 523, that it was no part of the legislative purpose to enact a general law in lieu of all local ones on the subject here involved.

It is contended further, that the provisions of subsections 15 and 16 of section 59 of the Constitution, and of sections 171 and 181 of the same instrument, when taken together effect a repeal of the local act, not perhaps in themselves, but when quickened or made effective by the legislation subsequently had.

This argument is of kin to the former one, and at last depends for its efficacy upon the nature, character, and especially the comprehensiveness of the subsequent legislation—elements, as we have seen, which are wholly wanting in the subsequent acts referred to.

Section 59 prohibits the passage of local or special legislation regulating or authorizing the levy or collection of taxes (subsection 15), or authorizing the opening, altering, maintaining or vacating roads, highways, streets, alleys, etc. (subsection 16.)

These provisions look altogether to future legislation, and manifestly do not affect, directly or indirectly, the laws already in force. The existing special legislation on the

subjects named in the various subsections of section 59, with respect to which special acts are now prohibited, does not stand repealed by the mere force of such prohibition. The General Assembly may repeal any of these special acts by a special act for that purpose, or by substitution of comprehensive general laws, or, with respect to such of them as may be inconsistent with those provisions of the Constitution which require legislation to enforce them, by the enactment of laws effectuating such constitutional provisions. Such special acts as are inconsistent with those provisions of the Constitution which do not require legislation to enforce them stand repealed.

So where, by a former special law, a city was authorized to incur an indebtedness beyond the constitutional limit, no question of contract right intervening, it has been held that the power could not be exercised under the special act (Beard, &c., v. City of Hopkinsville, 95 Ky., 239); and where the organic law requires the jurisdiction of justices' courts to be equal and uniform throughout the State, it has been held that the special acts conferring jurisdiction were inconsistent with the constitutional provision, and stood repealed when the general law fixing the jurisdiction was enacted. (McTigue v. Commonwealth, 17 Ky. Law Rep., 1418); and, moreover, this would afford an illustration of a repeal after six years had there been no general law passed.

The act in question here does not stand in any of these attitudes. Manifestly the provision requiring that "all taxes shall be levied and collected by general laws" looks to the future, as held in Long v. City of Louisville, 17 Ky. Law Rep., 253, and can not be held to affect the powers conferred in the pre-existing law. It seems to us that the schedule of the Constitution conclusively settles this question of repeal.

In order that no inconvenience might arise by reason of the alterations and amendments of the law by that instrument, it was deemed proper to provide that the Constitution left in force all laws of the Commonwealth with which it was not inconsistent.  This provision, instead of emphasizing the alleged policy of hostility to existing special legislation, expressly continued it in force unless inconsistent with the Constitution; and when it is admitted or becomes manifest that a local or special act is not inconsistent with the Constitution, and has not been repealed by a general law, the question is settled and the law stands.

The positive mandate is against local and special legislation in the future, and, even if we concede that the Constitution breathes a spirit of hostility to past legislation of that class, it is expressly continued in force until repealed in the manner we have heretofore pointed out; nor does the fiscal court lack the power to carry out the provisions of the act in lieu of the old court of claims and levy.  The provisions of the law creating such a court, and conferring authority on it, seem ample.  (Section 144, Constitution; section 1840, Kentucky Statutes.)

We do not regard the amendment of 1890, which repealed the section requiring a vote to put the law in force, as destroying the whole act.  It was not so intended.  The principal questions involved have been determined in O'Mahoney v. Bullock, heretofore cited.

Judgment affirmed.