Smith, &c. v. Simmons, &c.

CASE 9.—ACTION BY J. J. SMITH AND OTHERS, AGAINST D. G. SIMMONS AND OTHERS, TRUSTEES, TO ENJOIN THE COLLECTION OF A SCHOOL TAX.—May 14.

## Smith, &c., v. Simmons, &c.

Appeal from Logan Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment of dismissal.   Plaintiffs appeal.—Affirmed.

1. Statutes—General and Special Laws—Constitutional Provisions —Retroactive Effect.— The provisions of the Constitution prohibiting special legislation and p oviding that taxation must be levied by general laws did not repeal or make inoperative special laws passed before its adoption, but it was contemplated that such laws should romain in force until changed by the Legislature, unless in conflict with some constitutional provision. ,

2. Schools and School Districts—Uniform System of Common Schools.—The Constitution provides that there shall be a uniform system of common schools.   Act March 4, 1888 (2 Laws 1887-88, p. 376, c. 637), incorporated a common school district, and provided for a local tax for its support.   Held, that the provision for a local tax to furnish a better school than the common school fund alone would afford did not change the character of the school as a common school, and was not an infringement of the constitutional provision.

S. R. CREWDSON for appellants.

J. B. GRUBBS and S. Y. TRIMBLE for appellees.

No briefs.  Record out of office.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

By an act approved March 4, 1888 (2 Laws 1887-88, p. 376, c. 637), the territory within the limits of common school district 49, Logan county, including the town of Adairville, was incorporated as a school district and placed under the management of a board of trustees, who were authorized to levy an ad valorem tax not exceeding 75 cents on each $100 worth of property, and a poll tax not to exceed $2, in aid of the common school. The trustees made a levy for the year 1907 of 75 cents on each $100 worth of property, and also levied a poll tax of $1.50. The appellants then brought this suit against the trustees to enjoin the collection of the tax on the ground that the act of 1888 is no longer in force. The circuit court dismissed their petition, and they appeal.

The petition does not state any facts sufficient to show the invalidity of the action of the trustees if the act of 1888 is in force, and so that is the only question that it is necessary for us to consider. It is insisted that the act can not be in force under the present Constitution of the State, because under it special legislation is forbidden, taxes must be levied by general laws, and the Legislature must provide a uniform system of common schools throughout the State. That our Constitution has not the effect to repeal or make inoperative special laws passed before its adoption has been often decided by this court. In Long v. Louisville, 97 Ky. 364. 17 Ky. Law Rep. 253, it was held that the provisions of the Constitution that all taxes shall be levied and collected by general laws refers to the future, and does not affect powers conferred in the pre-existing laws. In O'Mahoney v. Bul-

lock, 97 Ky. 774, 17 Ky. Law Rep. 528, 31 S. W. 878, it was held that the local act of 1890 for the purchase of turnpikes in Fayette county, the issuing of bonds, and the levying of taxes to pay for them was not affected by the adoption of the Constitution. In Pearce v. Mason County, 99 Ky. 357, 35 S. W. 1122, 18 Ky. Law Rep. 433, a similar act as to Mason county was held in force, and taxes levied under it were sustained. The same principles were applied in City of Covington v. Dist. of Highlands, 113 Ky. 612, 68 S. W. 669, 24 Ky. L. R. 1266, a similar act as to Mason county the Legislature authorizing the District of Highlands to levy taxes was held still in force. The same rule has been uniformly applied to local acts creating school districts and authorizing taxes to be levied in them in aid of the common schools. In Roberts v. Clay City, 102 Ky. 88, 42 S. W. 909, 19 Ky. Law Rep. 1046, there was an action similar to the one now before us. Bonds had been issued and a schoolhouse built. A part of the bonds were unpaid. The trustees were levying a tax to pay the bonds and carry on the school. It was held that the local act was still in force and the levies were valid. In Board of Education of Hawesville v. Louisville, etc., R. R. Co., 110 Ky. 932, 62 S. W. 1125, it was insisted that a levy of taxes by the trustees in the Hawesville district under an act approved February 27, 1880 (1 Laws 1879-80, p. 260, c. 294), was invalid. In that case also the trustees had issued bonds and had made a levy to meet the bonds and run the school. The act was held in force, and the levy was sustained. While in both these cases the district had issued bonds, the court did not rest its opinion upon the ground that the levy was necessary to pay the bonds; for, if it had done this, only so much of the levy as was necessary

to meet the bonds could have been sustained.    The
court sustained the levy not only for the purpose of
meeting the bonds, but also for the purpose of main-
taining the school.    In Louisville & Nashville R. R.
Co. v. Trustees of Elizabethtown, 64 S. W. 974, 23 Ky.
Law Rep. 1169, a levy by the trustees of the school
district under an act approved March 29, 1878 (2
Laws 1877-78, p. 193, c. 662), was sustained upon
the authority of the two cases above cited; and in that
case there were no bonds, the levy being made simply
to maintain the school.    The cases of Hickman College
v. Trustees Colored District, 111 Ky. 994, 65 S. W.
20, 23 Ky. Law Rep. 1271, and Board of Trustees
v. Morris, 71 S. W. 654, 24 Ky. Law Rep. 1420, in no
way conflict with those above cited.    In each of these
cases the question presented was whether the railroad
tax should be divided between the white and colored
schools, and this was the only question in the case.
The statute under which the tax on the railroad was
levied provided that the money  should be divided
between the white and colored schools.    There is noth-
ing in the opinion in these cases in conflict with the
former opinions.    The court held that the statute
requiring the tax to be divided between the white and
colored schools applied to all the schools in the State,
whether the levy was made under the general law or
a special act.    The soundness of the former opinions
holding the special acts still in force is expressly
recognized, for otherwise the levies there in contro-
versy were void.

The makers of the Constitution intended to prohibit
special legislation; but they contemplated that exist-
ing special legislation should continue until changed
by the Legislature, unless in conflict with some of its
provisions.    To have blotted out at once all special

legislation in the State would have been to throw the business of the State into chaos.  There was the same reason for continuing schools established under special acts as for allowing other business established under special acts to continue.  Debts. had been created, buildings had been erected, and the education of pupils had been begun.  It was important not to interrupt the course of education, or to make a new system which might make unsuitable a large part of the property which had been thus acquired.  The interest of the people required that these schools which they had thus established should not be disturbed, and so the Legislature, when it came to revise the school laws, continued them in force as before.  There is nothing in the Constitution to indicate that taxes may not be levied after its adoption pursuant to a local law in force when it was adopted, so long as the Legislature allows the local law to remain in force and the public needs require the levying of taxes.  It is true the Legislature must provide a uniform system of common schools; but when the Legislature has so provided, there is nothing to inhibit a local tax in aid of the common school to improve and perfect it.  The Adairville school is a part of the common school system, and the fact that there is a local tax to give the people a better school than the common school fund alone would give them makes it none the less a common school, and in nowise infringes the constitutional provision requiring a uniform system of common schools.

Judgment affirmed.