CASE 91—PETITION ORDINARY—January 11.

# Grand Rapids School Furniture Co. v. Trustees of School District No. 29 of Pike Co.

APPEAL FROM PIKE CIRCUIT COURT.

1. TAXATION—POWER OF COURT TO APPOINT COLLECTOR.—A court of chancery has no power to levy or collect taxes; and the fact that the trustees of a school district are unable to procure any-one to act in the capacity of collector of taxes, does not author-ize a chancery court to appoint a receiver or collector for that purpose.

J. M. ROBERSON, FOR APPELLANT.

1. Inasmuch as the property of the school district can not be levied on and sold for debt, and the trustees have complied with

Vol. 102]          JANUARY TERM, 1898.                    557

Grand Rapids School Furniture Co. v. Trustees of School Dist. No. 29 of Pike Co.

the law so far as they are able to act, the appellant has no remedy except by resort to legislation or the appointment of a receiver or collector by the court.

2. The rule that courts have no power to levy or collect taxes is applied only to cases where the sovereign power itself has failed to provide a remedy for the collection of taxes for ordinary expenses of government; and does not apply where the taxes have already been levied and are due and the law-making power has failed to furnish a remedy.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant furnished under a contract with the trustees the necessary furniture for the school house in school district 29, Pike county. The appellant obtained a judgment against the district for the contract price of the furniture. The law authorizes the school trustees to levy a capitation and ad valorem tax for the purpose of paying the expenses of building school houses and furnishing the same. It appears from the petition that the trustees have fully performed their duty by levying the tax, which the statute authorizes for that purpose. Under the law it is the duty of the trustees to appoint a treasurer whose duty it is to collect the tax and apply it to the purposes for which it is levied. The trustees have made an appointment of a treasurer but they are unable to get any one to serve in that capacity; and hence no one then is authorized to collect the taxes. Therefore, this action was brought for the purpose of having the court appoint a receiver to collect the taxes from those of the district liable therefor, and pay the appellant's demand. The court denied the relief sought.

The power to levy or collect taxes is not one of the inherent powers of any judicial tribunal. The Legislature of the State is charged with the duty and vested with the power

**558** KENTUCKY REPORTS. [Vol. 102

Grand Rapids School Furniture Co. v. Trustees of School Dist. No. 29 of Pike Co.

to provide the method of levying and collecting taxes. A court of chancery has no power to levy or collect taxes. Where the law imposes the duty upon officers of levying and collecting taxes, and they have failed or refused to perform their 'duty, then by mandamus proceedings a court of law can compel the performance of duties which the Legislature has imposed upon them. If the Legislature has failed to provide an adequate means for the levy or collection of taxes a court of chancery is powerless to supply such deficiency. The Legislature alone can supply the remedy and give relief.

In McLean County Precinct v. Deposit Bank of Owensboro, 81 Kentucky, 254, it is said:

"When the instrumentalities selected by a law-making power for making such collections cease to exist, or decline to act, the remedy is in the legislative department of the State government, and not with the judiciary. If the legislation in regard to the collection of taxes, whether for the purpose of affording revenue for the State, or of satisfying a debt due to a corporation by reason of a county or precinct subscription, proves defective or inadequate for that purpose, the remedy is not by applying to a court of equity to cure the defect, but the Legislature, under the Constitution, can alone supply the defect by amended legislation. The judiciary has no power to levy taxes or to collect taxes when the officer appointed to collect refuses to do so."

In the case from which we have just quoted the court reviewed the opinions of the Supreme Court of the United States and cited several in support of its views. It also quoted from the opinion of Justice Mathews, in Thompson

v. Allen County, 13 Federal Reporter, 97, which case was appealed to the supreme court and affirmed. (Thompson v. Allen County and others, 115 United States, 550.)

Justice Miller in delivering the opinion of the court in that case said:

"The difficulty is that no power exists in either court to fill the vacancy in the office of tax collector; and the case of Lee County Supervisors v. Rodgers, 7 Wall., 175, where the laws of the State of Iowa expressly authorized the court to enforce its writ of mandamus by making such appointment, the only case in which it has ever been done, shows that without such legislative authority it can not be done."

In the case of Meriwether v. Garrett, 102 United States, 472, the court did not pass upon the question whether taxes levied in obedience to contract obligation or under judicial direction could be collected through a receiver appointed by a court of chancery, if there be no public officer charged with the authority from the Legislature to perform that duty.

However, in Thompson v. Allen County, 558, the court said: "We see no more reason to hold that the collection of taxes already assessed is a function of a court of equity than the levy or assessment of such taxes."

The trustees being unable to secure a treasurer for the district, a court of chancery is powerless to supply any deficiency that there may be in the law in its failure to provide some other authority to collect the school tax in that district.

The judgment is affirmed.