### FLEMING et al. v. TROWSDALE.

(Circuit Court of Appeals, Sixth Circuit. February 8, 1898.)

#### No. 543.

1. MANDAMUS—LEVY OF TAX TO PAY JUDGMENT.

On an application for mandamus to compel the levy of a tax to pay a judgment, no questions affecting the validity of the bonds on which the judgment is founded, or the validity or correctness of the judgment itself, are open to consideration.

2. COUNTY BONDS—DEMAND FOR LEVY OF TAX.

Under the Kentucky county funding act of March 18, 1878, a demand made by a bondholder pursuant to section 20 for the levy of a tax to pay his claim is not insufficient merely because made at the same time, and by the same instrument, both upon the county judge when presiding alone and on the court when composed of the county judge and the justices.

**3.** CONSTITUTIONAL LAW—JUDICIAL FUNCTIONS.

Section 20 of the Kentucky county funding act of 1878, which requires the circuit court, on the demand of bondholders, to levy a tax for the payment of their claims, is void, because it imposes on a judicial tribunal a legislative function.

In Error to the Circuit Court of the United States for the District of Kentucky.

Application for a writ of mandamus was made by petition filed in the circuit court of the United States for the district of Kentucky on the 16th day of April, 1897, by defendant in error, a citizen of the state of Tennessee, against plaintiff in error Fleming, as judge of the county court of Muhlenberg county, Ky., the other plaintiffs in error being justices of the peace for said county. The writ was sought to compel the levy of a tax to satisfy a judgment for $6,778.80, recovered by defendant in error against Muhlenberg county in the same court at its January term, 1897, on which execution was duly issued, and returned nulla bona. Defendants tendered answer to the petition, which the court refused to allow to be filed. The writ was, on the hearing, awarded as prayed for, and thereupon this writ of error was prosecuted.

David J. Fleming, for plaintiff in error.
J. B. Atkinson, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and CLARK, District Judge.

CLARK, District Judge, after making the foregoing statement, delivered the opinion of the court.

The answer offered by defendants presented only questions of law, and objections which sought to go behind the judgment and open up the case, and there was no error in refusing to allow it to be filed. The legal questions, as to which plaintiff in error is not concluded by the judgment recovered, will be considered further on. But questions affecting the validity and correctness of the judgment were not open in this proceeding. Chanute City v. Trader, 132 U. S. 210, 10 Sup. Ct. 67; Harshman v. Knox Co., 122 U. S. 306, 7 Sup. Ct. 1171; Mayor v. Lord, 9 Wall. 409; U. S. v. New Orleans, 98 U. S. 381. Much of the brief for plaintiff in error is devoted to a discussion of the validity of the bonds issued by the county, and on which the judgment is founded; but, the judgment having settled conclusively these questions, we are not concerned with them in this proceeding. There is, of course, no question of the jurisdiction and authority of the circuit court to issue this writ. Cape Girardeau County Court v. Hill, 118 U. S. 68, 6 Sup. Ct. 951; Riggs v. Johnson Co., 6 Wall. 166; Rees v. City of Watertown, 19 Wall. 107; Memphis v. Brown, 97 U. S. 300; Board v. Thompson, 22 U. S. App. 418, 10 C. C. A. 154, and 61 Fed. 914.

A question is made as to the sufficiency of the demand made by the petitioner for the levy of a tax to satisfy his judgment before making application for the writ of mandamus. The contention is that demand should have been separately made on the county court of Muhlenberg county as composed of the county judge and justices and the court as composed of the county judge alone. The county bonds on which the judgment was recovered were issued under authority of a funding statute of the state of Kentucky, passed and

approved March 18, 1878. Such parts of the act as are material to be noticed now are as follows:

"Sec. 7. That to pay the accruing interest on the bonds issued under authority of this act, and to provide a sinking fund for their redemption after five years or at maturity, an annual tax shall be levied by the county court of said county upon all the real and personal estate in said county, including all amounts given in under equalization law subject to taxation under the general laws of this commonwealth. Said county shall have a lien on all property taxable or taxed under this act, and on other property of each tax-payer for the payment of all taxes payable by such tax-payer, which shall not be defeated by gift, devise, sale, alienation, or any means whatever."

"Sec. 19. That for all the purposes of this act, the county court of said county, composed of the county judge alone, in case there be no justices of the peace of said county in commission, or in case a majority of them refuse to act or to concur with him, shall have full power and authority, and it shall be his duty to levy and impose the taxes herein provided for, but this grant of power shall not extend to taxation for any other purpose whatever.

"Sec. 20. Should the county court, held by the county judge and justices of the peace, or by the county judge alone, fail for ten days after demand in writing to levy and proceed in good faith to levy and collect a tax as provided in this act, then, and in that event, it is hereby made the duty of the circuit court or judge thereof in vacation, upon being informed of such failure, and satisfactory proof thereof being made by any bona fide bondholder or his attorney, to levy and have collected a tax sufficient to pay off the principal and semi-annual interest on past due bonds or coupons issued in pursuance of the provisions of this act."

It should be remarked that it appears that in the legislation of Kentucky the words "county court" are used to designate the county court when presided over by the county judge alone, as well as the court of claims, or the county court of levy and claims, when composed of the county judge and justices of the peace. At least the terms were thus indiscriminately used until recently, or since the adoption of the new constitution of Kentucky. The written demand made by the petitioner before application for the writ of mandamus, was addressed as follows:

"To the fiscal court of Muhlenberg county, consisting of the judge of the Muhlenberg county court, and the justices of the peace in and for said county, in fiscal court assembled, and to the judge of the Muhlenberg county court."

After reciting the full history of the litigation up to that time, the actual demand is in this language:

"You will further take notice and be advised that no part of the plaintiff's said debt, interest or cost, so to him adjudged has ever been paid. Therefore the undersigned hereby demands of you, the said judge of the Muhlenberg county court, and the justices of the peace in and for said county, that you now proceed to make, and cause to be entered of record, a proper order levying a tax upon all the real and personal estate in said county, including all amounts given in under equalization law, subject to taxation under the general laws of this commonwealth, in an amount sufficient to pay for the cost of collection thereof, and to allow for delinquents, and to realize a net sum sufficient to pay the said judgment, debt, interest, and cost. And the undersigned now moves your honorable body to make such levy. And the undersigned here demands of the judge of the Muhlenberg county court that, in case a majority of the justices shall fail to concur with him in making said levy, that he proceed to make said order and levy as hereinbefore requested. * * *"

We think this demand was sufficient under the statute, and that it clearly informed the court, composed of the county judge and justices, as well as the court when presided over by the county judge

alone, that the demand was made on both of them, and separately. It could not have been understood otherwise by a person of ordinary intelligence. The fact that the demand on the court when the county judge alone was presiding, as well as on the court when composed of the county judge and the justices, was contained in the same writing, is not material.

Another objection is that the petition for mandamus does not show that, after the necessary demand on the county court, a demand was also made on the circuit court, or a judge thereof, as required in section 20. This particular question is not raised by specific assignment of error, nor does it appear that it was called to the attention of the court below, but was suggested in the oral argument at the bar. It is very doubtful, indeed, if the objection, coming at this time, is available to the plaintiff in error. Board v. Thompson, 22 U. S. App. 418, 10 C. C. A. 154, and 61 Fed. 914. But passing, without deciding, this point, we do not think the objection is tenable on other grounds. The circuit courts of the state of Kentucky are strictly and exclusively judicial tribunals, and their jurisdiction and authority defined and recognized as such, and the judge of the court is also a strictly judicial officer. In Pennington v. Woolfolk, 79 Ky. 13, proceedings had been instituted in the Jefferson county court of that state by the appellee, who was county attorney of Jefferson county. The proceeding was under the authority of a special enactment by the general assembly of Kentucky. It was provided that when any person owning property in that commonwealth had failed since January, 1856, to list his property with the assessor, whose duty it was to assess the value thereof, or with the supervisors of tax, or the clerk of the county court, it should be the duty of the county attorney to give information of that fact to the county court of the county in which the property should have been listed. It was thereupon made the duty of the county court to summon such person before it, and, upon being satisfied of the failure to list his property, it was the duty of that court to assess and fix the value of the same for the years such property was not assessed, and the same to be certified by that court to the proper officers for the collection thereof. The appellant appeared in answer to the summons before the county court, and moved to quash the summons, which motion was overruled. Demurrer was then interposed and overruled, and application made to the common pleas court for a writ of prohibition against the county judge and county attorney, forbidding them to take any further action in the proceeding against him. The common pleas court dismissed the petition on demurrer, and appeal was taken from its judgment. Chief Justice Coffer, speaking for the court, said:

"The objection taken to the act in this case is that by it the legislature has attempted to confer on a judicial tribunal a power not judicial in its nature, in violation of article 1 of the constitution, which declares that:

" 'Section 1. The powers of the government of the state of Kentucky shall be divided into three distinct departments, and each of them be confided to a separate body of magistracy, to wit: Those which are legislative to one; those which are executive to another; and those which are judiciary to another.

" 'Sec. 2. No person or collection of persons, being of one of those depart-

ments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted.'

"The power to impose taxes is legislative, and cannot be conferred, under our constitution, upon a strictly judicial tribunal or officer. The power to assess property for taxation—that is, to apportion the tax upon the property upon which the legislature has imposed it—is not judicial, and can no more be conferred upon a judicial tribunal than the power to levy taxes. But the county court, although classed in the judiciary department by the constitution, and possessing judicial powers, is not an exclusively judicial tribunal. We might not be able to sustain this position if compelled to rely alone upon the constitution, and denied the right to look to the practical construction uniformly given to it since the formation of the government. But, in the light of the unchallenged action of all departments of the government since the adoption of the constitution of 1792 to the present time, we entertain no doubt that the county court must now be regarded, as respects a number of matters, local and exceptional in their nature, as excepted out of this provision of the constitution. Each of the prior constitutions contained the precise language of our present constitution quoted supra."

The doctrine of this case was approved in the subsequent cases of Hoke v. Com., 79 Ky. 570, and McLean County Precinct v. Deposit Bank of Owensboro, 81 Ky. 254; the court, in the last-named case, saying:

"In Pennington v. Woolfolk, 79 Ky. 13, this court said the power to impose taxes is legislative, and cannot be confided, under our constitution, to a judicial tribunal."

We think, without further elaboration, that section 20 is unconstitutional and void as an attempt to confer upon a judicial tribunal and a judicial officer a power which is legislative, as the power to assess property for taxation clearly is. This being so, we conclude that the petitioner had made proper demand, on the only tribunal constitutionally authorized to act, for an assessment and collection of a tax to meet his judgment. The duty to make such assessment and collection is positive and unconditional under the funding act, and the petitioner's legal rights are clear. The remedy provided by statute for the satisfaction of the bonds having been thus applied for, and the county court having failed and refused to proceed, and the petitioner having no other specific remedy to which he can resort to compel the performance of this statutory duty, a writ of mandamus was properly awarded and directed. The same remedy on just such facts is fully recognized under the laws of Kentucky. Judgment affirmed.