CASE 25—ACTION BY CITY OF LEXINGTON AGAINST B. B. WILSON AND OTHERS TO ENFORCE COLLECTION OF OCCUPATION TAX.—MAY 11.

# City of Lexington v. Wilson and Others.

118  221
d121  849

APPEAL FROM FAYETTE CIRCUIT COURT—WATTS PARKER, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.—REVERSED.

LICENSE TAX—CITY ORDINANCE—PENALTY—REMEDY—ACTION FOR DEBT.

1. Where a city ordinance imposing a license tax provides no adequate procedure for collecting, the city may maintain an action as for a debt.
2. An ordinance imposing a penalty for failure to take out a license, payment of the penalty not discharging the claim for the license tax is not an adequate remedy for the collection of the tax.

City of Lexington v. Wilson and Others.

Z. GIBBONS, ALLEN & DUNCAN AND A. O. AMBROSE, FOR AP-
PELLANT.

## RECAPITULATION.

1. The common law furnishes a remedy for the enforcement
of a tax. That remedy is the action of debt.

2. Whether a tax can be enforced by resort to the common
law remedy is merely a question of legislative intention. The
doctrine of the constitutional separation of the powers of Gov-
ernment has no bearing or application in the attempt to ascer-
tain the legislative will.

3. A gift of power carries with it the right to use the means
necessary to enforce that power. Where no particular remedy
is given the common law remedy becomes available, otherwise
the power given can not be enforced.

4. Therefore when the Legislature confers the right to levy
and collect a tax, and is silent as to the mode of collection, au-
thority to sue is necessarily implied.

## CASES ANALYZED AND DISCUSSED.

Portland Dry Dock and Insurance Company v. Trustees of
Portland, 12 B. Mon., 77, 51 Ky., 77; Johnston v. Louisville, 11
Bush, 527, 74 Ky., 527; Louisville Water Company v. Hamilton,
81 Ky., 517; Greer v. City of Covington, 83 Ky., 410; Baldwin v.
Hewitt, Auditor, 88 Ky., 673; Louisville Water Company v.
Commonwealth, 89 Ky., 244; William Clark, Sheriff, v. Louis-
ville Water Company, 90 Ky., 515; City of Covington v. District
of Highlands of Campbell County, 24 Ky. Law Rep., 433; McLean
County Precinct v. Deposit Bank of Owensboro, 81 Ky., 254;
Grand Rapids School Furniture Company v. Trustees School Dis-
trict No. 29, Pike County, 19 Ky. Law Rep., 1610; Dillon v.
Municipal Corporations (4th Ed.), vol. 2, sec. 818; Cooley on
Taxation (2d Ed.), p. 435.

The court is asked to overrule the decision in Louisville Water
Company v. Commonwealth, 89 Ky., 244.

J. D. & G. R. HUNT AND MAURY KEMPER, FOR APPELLEE.

## PROPOSITION DISCUSSED AND AUTHORITIES CITED.

Taxes are not debts, and in the absence of express legislative
authority a suit can not be maintained either at law or in equity
to collect them. Kentucky Statutes, secs. 3058, 3187, 3174;
Printed Ordinances of City, secs. 82, 93, 141; Lane County v.

City of Lexington v. Wilson and Others.

Oregon, 7 Wallace, 80; Pierce v. City of Boston, 3 Met., 520; Shaw v. Pickett, 26 Vermont, 486;. City of Camden v. Allen (N. J.), 2 Dutcher, 398; Summit County v. Gustaveson, 54 Pac., Rep., 977; Santa Cruz v. Santa Cruz R. R. Co., 56 Cal., 149; Jones v. Gibson, 82 Ky., p. 563; Grand Rapids School Furniture Co. v. Trustees School District No. 29, Pike County, 19 Ky. Law Rep., 1610; Baldwin v. Hewitt, 88 Ky., 680; Louisville Water Company v. Commonweath, 89 Ky., 249; Louisville Bridge Co. v. City of Louisville, 23 Ky. Law Rep., 1656; City of Covington v. District of Highlands, 24 Ky. Law Rep., 437; McLean v. Deposit Bank, 81 Ky., 257.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The appellees are the proprietors of a feed, livery and sale stable. By proper ordinances enacted pursuant to the charter of cities of the second class a license or occupation tax was imposed upon the proprietors of livery stables, which is graduated by the number and character of vehicles used for hire in the conduct of business. The ordinances were adopted for the purpose of raising a revenue, but no provision was made for collecting it by a summary way or by suit. This action was instituted to recover amounts due from appellees as in case of debt. On demurrer the court dismissed the petition; hence the question here for determination is, can such an action be maintained?

Before entering into discussion of the question, it is well to say that the court is confronted with the claim that its opinions on the question are in conflict, not only as to conclusions, but as to the reasons given in support of them. A careful examination of the opinions leads the court to concede that the claim in some degree is true. It is of the greatest importance that the opinions of this court should be in harmony one with another, not only that persons who have controversies may know their legal rights, so that they can be settled without resort to courts, but that the administration of justice may be had in so far as it is possible under settled

rules of law. It is especially important that this should be so in the matter of the imposition of public burdens and the method of their enforcement. In view of the conflict in the opinions of the court on the question under consideration, a brief review of them is necessary, so that the court may the more clearly state its conclusions and the rule that is to be observed hereafter.

By an act of the Legislature, the Portland Dry Dock & Insurance Company was required to pay to the city of Louisville 50 cents on each $100 of its capital stock, and, as the capital stock was $100,000, the tax amounted to $500 annually. By a subsequent act the board of trustees of the town of Portland were empowered to collect and receive $200 of the annual tax to be laid upon the Portland Dry Dock & Insurance Company and the city of Louisville $300 of it. The trustees of Portland brought suit against the Portland Dry Dock & Insurance Company for their part of the tax, and the question was made that the action could not be maintained. This court, in Portland Dry Dock & Insurance Company v. Trustees of Portland, 12 B. Mon., 81, held the action could be maintained, although a more summary remedy was provided by law for the collection of the tax.

In Johnson v. Louisville, 11 Bush, 527, 538, the court had under consideration the question as to whether a suit for a tax could be maintained when the charter of the city of Louisville had provided a full and adequate remedy for the collection of the tax, and, while the court held that the judgment was not void which had been rendered for the tax, it also held that, as there was a full and adequate remedy provided by law for its collection, it was exclusive. In conclusion the court said: "We are well satisfied that upon principle such suits can not be maintained, and that sound public policy demands that the courts should not sustain them, ex-

City of Lexington v. Wilson and Others.

cept in those cases where the prescribed mode of enforcing payment would be ineffectual."

It was claimed that the property of the Louisville Water Company should pay taxes. The company denied its liability therefor. The sheriff was proceeding to enforce payment, and the water company enjoined the collection of the taxes. In passing upon the question in Louisville Water Company v. Hamilton, 81 Ky., 523, 5 R., 557, the court decided that the water company was liable for the taxes, but that, as it was performing a public service, its property could not be seized and sold by the sheriff for the taxes. It was also held that, as the court had been applied to for "some sort" of relief by the water company, it should have taken cognizance of the case, and required it to pay the money into court, etc.

In Greer v. City of Covington, 83 Ky. 410, 7 R. 419, 2 S. W., 323, the court sustained the right to maintain an action to recover taxes, because the statute provided for such an action in addition to the right of the tax collector to seize and sell property for them. It also decided that such an act was not in violation of the Constitution.

In Baldwin v. Hewitt, Auditor, 88 Ky., 680, 11 R., 99, 11 S. W., 803, the court held that a suit for taxes could not be maintained without express legislative authority, upon the theory that the collection of taxes was not an inherent power of the judiciary; that to allow such an action would destroy the theory of government as to the distribution of powers; and, further, because the Legislature had given the right to sue railroad companies for taxes, there was implied "a legislative opinion that in its absence no such suit could be maintained."

In the case of Louisville Water Company v. Commonwealth, 89 Ky., 248, 11 R., 414, 12 S. W., 300, 6 L. R. A., 69, the Com-

monwealth sought to recover taxes, and the court held that
the action could not be maintained because there was no ex-
press statute authorizing it.

In Clark, Sheriff, v. Louisville Water Company, 90 Ky.
524, 12 R., 309, 14 S. W., 502, it appeared that the sheriff had
seized, and was going to sell, the property of the water com-
pany for taxes, and it enjoined the sheriff from doing so. The
court held it was liable therefor, and adjudged that, as it
had come into court asking equitable relief, the court should
take charge of its property and compel it to pay the tax.

In City of Covington v. District of Highlands of Campbell
County, 113 Ky., 612, 68 S. W., 669, 24 Ky. Law Rep., 433,
the appellee instituted an action against the city of Coving-
ton to recover the tax due it, and the court sustained the ac-
tion, although there was no express authority for it.

A careful examination of the cases to which reference has
been made shows that the court in the cases of the Portland
Dry Dock Insurance Company v. Trustees of Portland, and
City of Covington v. District of Highlands of Campbell Coun-
ty, held that actions to recover taxes, although there was no
express legislation authorizing it, could be maintained. The
case of Johnson v. Louisville recognized that such an action
could be maintained if the remedy provided by law for their
collection was not full and adequate. In Louisville Water
Company v. Hamilton the court certainly recognized that an
action could be maintained to recover without any express
statute authorizing it, or it would not have held that, as the
water company had sought relief in the court against their
collection, the court should have enforced their payment. The
fact that the water company sought relief against the col-
lection of taxes did not confer upon the court the jurisdiction
to enforce their collection. Such a proceeding might authorize
the court to hold that it would exercise a jurisdiction which

it had to determine liabilities for taxes and enforce them, but it could not confer a jurisdiction not existing under the law. If the court had intended to so hold, it would have assumed a most untenable and illogical position. It held that the sheriff had no authority to seize and sell the property of the water company, and that the injunction was properly obtained. If it had proceeded to hold that no action could be maintained for the taxes, because there was no statute expressly authorizing it, it would have followed that the court should not have enforced the payment of taxes through the instrumentality of a receiver. Certainly, the court could not consistently hold that an action could not be maintained by the authority to which the tax was due, and then, in an action rightfully brought by the taxpayer to prevent the sale of his property for the tax, hold that the taxing authority might enforce the collection of the tax. If the law does not authorize the taxing authority to maintain a direct action to recover taxes, it certainly does not do so in an action brought by the taxpayer. If the reasoning of the court is correct in Baldwin v. Hewitt, Auditor, and Louisville Water Company v. Commonwealth, that an action can not be maintained in the absence of express authority, because it would be destructive of our theory of government as to the distribution of power, the same reasoning should prevent the court from enforcing the collection of taxes in an action by the taxing authority or in one by the taxpayer. If the reasoning be sound, it would be a usurpation of authority and the exercise of a jurisdiction which did not exist, the same in the one as in the other case. It would be wholly immaterial who began the proceeding or as to the form of action, for the objection does not stick in the bark; it denies the authority of the courts at law or in equity to enforce the payment of taxes in the absence of express authority. Clark, Sheriff, v.

Louisville Water Company followed Louisville Water Company v. Hamilton. Thus it will be seen that there are two cases expressly holding that the action may be maintained, and one which concedes that it can be done, and two which logically lead to the same conclusion. On the other hand, the cases of Baldwin v. Hewitt, Auditor, Louisville Water Company v. Commonwealth, and the dictum in Greer v. City of Covington, are to the effect that such actions can not be maintained. There is another line of cases bearing upon the question, to which reference will hereafter be made, but we do not think they are in point or in conflict with any of the cases discussed.

In Baldwin v. Hewitt, Auditor, and Louisville Water Company v. Commonwealth, the court gave as one of the reasons for holding that the action could not be maintained, that the act authorizing suits against railroads for taxes implied "a legislative opinion that in its absence no such suit could be maintained." After further consideration, we are of the opinion that, instead of its creating impliedly a "legislative opinion" that such actions could not be maintained without express legislative authority, it manifests a legislative judgment that it was not wise to seize and sell railroad property for taxes by summary process, owing to the nature of the property and the public service it performed, but that it should be done by a proceeding in court. The Legislature intended that the remedy by suit should be exclusive, as the summary remedy is intended to be in some other instances. Another reason which the court gave for its conclusion, to-wit, that to allow such actions would be destructive of our theory of government as to the distribution of its powers, is not a satisfactory one. Taxation is a political matter. The legislative department must alone determine the necessity for the imposition of a tax, and fix the rate, prescribe the

method of assessment, and regulate the manner in which payment shall be enforced. With these things the judicial and executive branches have nothing to do. The Legislature may provide that the collection of taxes may be by collecting officers, by a summary proceeding, or by the judiciary. We have not found that the courts of the country have held that, when, without express legislative authority, a court takes jurisdiction and gives a judgment for tax due by a citizen, it has been guilty of exceeding the limit of judicial function, or has invaded the province of the executive department of government. From the very necessity of the case it requires the power of the executive department and the strong arm of the courts to effectually enforce the collection of taxes imposed by legislative authority for the support of the government. The question which has perplexed the courts in suits for taxes is not whether the assumption of jurisdiction was a usurpation of the function of other departments, but to ascertain the legislative will with reference thereto. Some courts hold that, unless there is an express legislative authority for the suit, they will not sustain it. Others hold that where a tax is imposed, and no remedy is provided for its collection, there is an implied authority for the courts to exercise jurisdiction in the matter. So it is not a question of destroying "our theory of government in the distribution of its powers," but of legislative intent, for the executive department of government has no more authority to collect taxes without legislative authority than has the judiciary; hence, if one is given the authority to collect taxes to the exclusion of the other, it can not be said there is a usurpation of authority in the execution of the legislative will. If express and exclusive authority was conferred upon the executive department or the judiciary to collect a tax, and the unauthorized one

should proceed to do so, then there would be a disregard of the legislative will and a reprehensible effort to usurp authority which would tend to the destruction of our theory of government—that one department should not invade the constitutional. or legal limits of another department of government. Should the court take jurisdiction of an action for taxes as in debt, when there is no act of the Legislature in terms conferring it? To put the question in a different form, can an intention to confer such jurisdiction on the courts be inferred? We answer in the affirmative. In doing so it must be conceded that the Legislature has the authority to confer such jurisdiction, and the decisions of this court uphold such legislation. The court also recognizes the rule of this court to be that, when the Legislature has prescribed a full and adequate remedy for the collection of taxes, the authority to resort to any other remedy for their collection is denied. When the Legislature has enacted a law imposing a tax, or authorized an authority to impose one, and it has been done, a liability has been created on the taxpayer which he must discharge. If no summary method is provided to enforce its payment, then, unless the court can do so, a tax has been imposed and a liability created by law, and the State, county, or municipality is without means of enforcing its satisfaction. To so hold is attributing to the Legislature incompetency or gross neglect in the enactment of laws. When the Legislature enacts a law imposing a tax, the presumption is that it intended that it should be collected. If it does not provide another method of collection, the presumption should be indulged that it knew that the courts were open to enforce liabilities created by contract or by law, and that the remedy by suit afforded by the common law would be ample.

In Dillon on Municipal Corporations (4th Ed.), section

818, it is said: "If the charter gives the power to impose taxes, but is silent respecting the method for their recovery, the corporation may enforce them or provide by ordinance for their enforcement by due course of judicial proceedings. In such a case the authority to collect by suit is clearly implied, being necessary in order to make the power to tax available." Cooley on Taxation (3rd Ed.), p. 836, says "Sometimes the implication of an intent to give a remedy by suit may be strong as to be conclusive; as where the statute provides for a tax, but is silent as to the method of collection."

Where no adequate remedy is provided for the collection of a tax, the right to do so is implied. There is an ordinance of the city of Lexington which imposes a penalty for failing to take out a license. The payment of the fine does not discharge the claim for the license tax. If it can be said to be a remedy for the collection of the tax, it is inadequate. The case of McLean County Precinct v. Deposit Bank of Owensboro, 81 Ky., 254, 5 R., 97, is not opposed to the conclusion we have reached. The law which the court was called upon to construe conferred jurisdiction upon the county judge to appoint a tax collector, and held that as the Legislature had control over the matter, and chose to confer the authority upon the county judge to make the appointment, the judiciary should not interfere. The case of Grand Rapids School Furniture Co. v. Trustees School District No. 29, Pike County, 102 Ky., 556, 44 S. W., 98, 19 Ky. Law Rep., 1610, is to the same effect. Our conclusion is that the action can be maintained. To the extent cases are in conflict with this opinion they are overruled.

The judgment is reversed for proceedings consistent with this opinion.

Chief Justice Burnam dissents from this opinion.