PRESTON v. CHICAGO, ST. L. & N. O. R. CO.

(Circuit Court. W. D. Kentucky. January 15, 1910.)

1. TAXATION (§ 584*)—PROCEEDINGS FOR COLLECTION OF TAXES—EQUITY JURISDICTION.

In the absence of statutory authority therefor, a suit in equity cannot be maintained for the collection of taxes assessed upon property.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1185–1191; Dec. Dig. § 584.*]

2. TAXATION (§ 590*) — PROCEEDINGS FOR COLLECTION OF TAXES — STATUTORY PROVISIONS.

Ky. St. § 4104 (Russell's St. § 6105), which provides that taxes due from any railroad or bridge company may be recovered by action in the name of the commonwealth, brought by the proper officer of the state or local taxing district to which the tax is due, provides a special remedy which must be followed, and a suit for the collection of a tax due from a railroad cannot be maintained by a private individual.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1203; Dec. Dig. § 590.*]

In Equity. Suit by A. J. Preston against the Chicago, St. Louis & New Orleans Railroad Company. On demurrer to bill. Demurrer sustained.

Helm Bruce and Helm & Helm, for complainant.

J. D. Atchison, Blewett Lee, and Trabue, Doolan & Cox, for defendant.

EVANS, District Judge. Many years ago, under the provisions of an act to incorporate the Madisonville & Shawneetown Straight Line Railroad Company, the Caseyville and Lindle Mills districts of Union county, Ky., each subscribed for and took stock in that company, and in payment therefor each district issued its bonds, due 20 years afterwards, with interest thereon payable semiannually. Coupons for the installments of interest were attached to the bonds. Soon after the issue of the bonds by these districts, the complainant and his wife (now dead), for valuable consideration, purchased a large proportion of the bonds. From time to time, on the interest coupons, and later, on the bonds themselves, the complainant and his wife jointly obtained judgments in this court for the amounts due thereon. Executions were issued, which were returned nulla bona, and the complainant in all other respects seems to have found utterly ineffectual all the remedies provided by the statute, although the appropriate taxation had been fully levied and assessed upon the property in the districts. The districts have so far succeeded, by the devices stated in the bill (and which are similar to those usually resorted to by counties and districts which have determined not to pay their debts), in repudiating the obligations incurred by them in such apparent good faith as to induce purchasers to invest in their securities, and the complainant, a citizen of the state of Iowa, has brought this suit in equity against an individual taxpayer, wherein he claims that there was levied and assessed taxes to the amount of $22,887.65

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on the property of the defendant situated in the Caseyville district and taxes to the amount of $4,356.35 on the property of the defendant located in the Lindle Mills district, all for the specific purpose of compelling the defendant to pay its part of the amount due to complainant on his judgments against said districts. It is claimed that by virtue of these facts liens were created in complainant's favor upon the defendant's property described in the bill, and which liens the complainant seeks to foreclose and enforce by this suit.

The defendant, by its demurrer to the bill, questions, first, the jurisdiction of the court (thereby no doubt meaning its jurisdiction as a court of equity, for as a court of the United States it manifestly has jurisdiction, the citizenship of the parties being diverse); and, second, the sufficiency of the bill as not showing any equity or right in complainant to the relief sought. The questions thus presented are interesting and important, and have been very ably argued. As stated at the hearing, the court's sympathy is always with the innocent holder for value of a just debt, which he is endeavoring to collect from the party who owes it, and whose faith, pledged for its payment, had been accepted by the creditor when he invested his money. That sympathy, however, does not furnish a factor in the settlement of the legal questions now involved.

Sections 21 to 32, inclusive, of the charter of the railroad company, and under which the bonds were issued, conferred power and authority upon the Caseyville and Lindle Mills districts to make the subscriptions and issue the bonds, and they also elaborately provided the manner of assessing and levying taxes upon the property in the districts, as well as the manner of collecting them when levied and assessed; but there is an absence of any provision specifically authorizing a suit in equity by the holders of the bonds against individual taxpayers or otherwise for the collection of the taxes. The sections are too long to be inserted in this opinion, and it will suffice to say that their general effect is as we have stated.

Many cases were cited by counsel, and among others the court has examined the following, which were decided by the Court of Appeals of Kentucky, but some of which seem to furnish little light, namely: Board of Trustees, etc., v. L., H. & St. L. Ry. Co., 110 Ky. 932, 62 S. W. 1125; Campbell County, etc., v. Newport, etc., Co., 112 Ky. 659, 66 S. W. 526; Jones v. Gibson, 82 Ky. 561; Johnston v. City of Louisville, 11 Bush, 527; Pennington v. Woolfolk, 79 Ky. 16; McLean Co., Precinct No. 1, v. Deposit Bank, 81 Ky. 254; Grand Rapids Furniture Co. v. Trustees, etc., 102 Ky. 556, 44 S. W. 98; City of Lexington v. Wilson, 118 Ky. 230, 80 S. W. 811; Louisville Bridge Co. v. City of Louisville, 65 S. W. 814, 23 Ky. Law Rep. 1655; Muhlenburg County v. Morehead, 46 S. W. 484, 20 Ky. Law Rep. 376; Louisville Trust Co. v. County of Muhlenberg, 23 S. W. 674, 15 Ky. Law Rep. 397.

We have also examined the cases of Campbellsville Lumber Co. v. Hubbert, 112 Fed. 718, 50 C. C. A. 435, and Fleming, County Judge, v. Trowsdale, 85 Fed. 189, 29 C. C. A. 106, decided by the Circuit Court of Appeals of this circuit, as well as the opinions of the Su-

preme Court in the following cases, to wit: Rees v. Watertown, 19 Wall. 107, 22 L. Ed. 72; Heine v. Levee Commissioners, 19 Wall. 655, 22 L. Ed. 223; Thompson v. Allen County, 115 U. S. 550, 6 Sup. Ct. 140, 29 L. Ed. 472; Meriwether v. Garrett, 102 U. S. 515, 26 L. Ed. 197; Kilbourn v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594, 32 L. Ed. 1005; Tyler v. Savage, 143 U. S. 79, 12 Sup. Ct. 340, 36 L. Ed. 82; Davis v. Alvord, 94 U. S. 545, 24 L. Ed. 283; Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358.

From a most attentive consideration of the principles upon which three of the cases, supra, appear to have been decided (namely, Rees v. Watertown, Heine v. Levee Commissioners, and Thompson v. Allen County) we have concluded that they foreclose the questions involved in the demurrer to the bill, inasmuch as they seem definitely to hold that, unless a remedy by a suit in equity for the collection of taxes is expressly authorized by legislation, it cannot be maintained. And not only do these cases decided by the Supreme Court (which must control us) so rule, but we think the same doctrine is announced by the Kentucky Court of Appeals in Grand Rapids Furniture Co. v. Trustees, etc., 102 Ky. 556, 44 S. W. 98, McLean County, Precinct No. 1, v. Deposit Bank, 81 Ky. 254, and Louisville Trust Co. v. County of Muhlenberg, 23 S. W. 674, 15 Ky. Law Rep. 397. Nor, while it bears wide, do we think that by the opinion of the Court of Appeals in the City of Lexington v. Wilson, 118 Ky. 221, 80 S. W. 811, it was intended to question the doctrine as to the powers of the chancellor settled in other cases. The Wilson Case was an action at law by the city to recover the amount of a license tax, which, of course, was not, like a direct or ad valorem tax, levied upon property. Where a license tax on an occupation or business is imposed, and no specific way of collecting it is provided, the court held that it might be recovered by an action at law, as it was not to be presumed that the Legislature imposed such a tax without intending that it should, in some way, be collected. Under such circumstances the court held in effect that an action of debt would lie.

The equity jurisdiction of the courts of the United States is fixed by the Constitution and laws of the United States, and while those laws, as construed by the courts, will open up to the recognition and enforcement of certain rights, equitable in character, when given by the state laws, that jurisdiction is otherwise limited by the laws of the United States and the recognized principles of equitable jurisprudence as established in England before the adoption of the Constitution. The courts of the United States follow the interpretation by the highest courts of the respective states of the language of state statutes; but the provisions of the charter of the Madisonville & Shawneetown Straight Line Railroad Company have never been construed by the Court of Appeals of Kentucky, though, even if that court had construed its provisions, we do not undertake to say whether or not this court would be bound by its interpretation, so far as it might be held that equitable remedies were provided by that statute. Upon this subject we express no opinion one way or the other, though it might be supposed that if the case called for it we should be governed by the

rule stated in Holland v. Challen, 110 U. S. 24, 3 Sup. Ct. 427, 28 L. Ed. 70, Cowley v. Northern Pacific R. R., 159 U. S. 582, 16 Sup. Ct. 127, 40 L. Ed. 263, and United States v. Wilson, 118 U. S. 89, 90, 6 Sup. Ct. 991, 30 L. Ed. 110. What we do now say is that the provisions of the charter of the railroad company in respect to this matter have never in fact been interpreted by the Court of Appeals of Kentucky, and certainly it has never been held that the charter authorizes a proceeding in equity against a taxpayer.

It is not contended that any express statutory authority exists for the institution of an action like this. The contention which has been strongly and ably presented is that the right to come into equity arises out of the justice and necessity of the case, since otherwise the complainant is without adequate remedy, and that equity will never permit a wrong to exist without providing a remedy for its correction. The courts dealt with this very question in the cases of Rees v. Watertown, 19 Wall., at pages 121 and 122, 22 L. Ed. 72, Heine v. Levee Commissioners, 19 Wall., at page 658, 22 L. Ed. 223, and in Grand Rapids Furniture Co. v. Trustees, etc., 102 Ky. 558, 44 S. W. 98. In each of those cases the contention was overruled. In each of them it was held that equity cannot supply a remedy which the Legislature has not given for the collection of taxes assessed upon property, and that the Legislature alone can do so.

2. The defendant railroad company in support of its demurrer also relies upon section 4104 of the Kentucky Statutes (Russell's St. § 6105), which is as follows:

"Taxes, penalties and interests due the commonwealth from any railroad or bridge company may be recovered by the Auditor of Public Accounts, by action in the name of the commonwealth, in the Franklin circuit court; and those due any county, city, incorporated town or taxing district may be recovered by the officer authorized to receive the same, by action in the name of the commonwealth in any court of competent jurisdiction."

We think this ground of demurrer is also well taken. We think the section provides a special, if not exclusive, remedy, which the Legislature, in declaring the public policy of the state, concluded was the proper one in the case of a public utility like a railroad. In that view what was said by the Supreme Court in its opinion in United States Fidelity & Guaranty Co. v. United States for the Benefit of Kenyon, 204 U. S. 349, 27 Sup. Ct. 381, 51 L. Ed. 516, is applicable by reason of its strong analogy to this case. We think, under section 4104, any suit must be in the name of the commonwealth of Kentucky, where either a state or a local tax has been assessed against a railroad. If a state tax, the suit must be moved by a state officer. If a local tax, the name of the commonwealth may be used by the proper local officer; but in any event the suit must be in the name of the commonwealth.

As there is no legislation authorizing relief by the means sought by the bill, the demurrer must be sustained, and the bill must be dismissed, unless the complainant desires to amend.