PRESTON v. CHICAGO, ST. L. & N. O. R. CO.

(Circuit Court of Appeals, Sixth Circuit. November 28, 1910.)

No. 2,038.

TAXATION (§ 584*)—RIGHT OF ACTION FOR COLLECTION OF TAXES—EXCLUSIVE-NESS OF STATUTORY REMEDY.

    The remedy provided by Ky. St. § 4104 (Russell's St. § 6105), for the collection of taxes due from a railroad company to a county or other taxing district by an action in the name of the commonwealth to be brought by the officer authorized to receive such taxes, is exclusive, and a railroad company is not otherwise suable for taxes.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1185–1191; Dec. Dig. § 584.*]

Appeal from the Circuit Court of the United States for the Western District of Kentucky.

Suit in equity by A. J. Preston against the Chicago, St. Louis & New Orleans Railroad Company. Decree (175 Fed. 487) for defendant, and complainant appeals. Affirmed.

Helm Bruce (Helm & Helm, of counsel), for appellant.

Edmund F. Trabue, John C. Doolan, and Attilla Cox, Jr. (Blewett Lee and Charles L. Sivley, of counsel), for appellee.

Before SEVERENS and WARRINGTON, Circuit Judges, and COCHRAN, District Judge.

COCHRAN, District Judge. This case is similar to that of Preston v. Sturgis Milling Company, 183 Fed. 1, in which an opinion has

been handed down simultaneously herewith in that it is a suit to recover a portion of the tax levied under the acts of the Legislature of Kentucky therein referred to. It differs in that the suit is against a public service corporation, to wit, a railroad company. At the time of the levy of the tax, the appellee's railroad ran through Caseyville district involved in the case of Preston v. Sturgis Milling Company, and also through Lindle Mills district involved in the case of Preston v. Calloway, 183 Fed. 19, also decided simultaneously herewith. It was alleged in the bill and amended bill that, at the time of the levy of the tax which was made by the county court of Union county as authorized by the act, that court found and determined that 9½ miles of appellee's railroad was located in the former district and 4 $^{42}/_{100}$ miles in the latter, which finding and determination was true, and that for the year in which the levy was made its railroad within the state had been assessed by the Railroad Commission for each mile thereof at the sum of $7,000. According to this the amount of tax owing by the appellee on account of its mileage in the Caseyville district was $22,887.65, and on account of its mileage in the Lindle Mills district was $4,356.35, which sums the suit was brought to recover. It was claimed that a lien existed on that portion of its railroad for those sums, and the relief sought was a sale of the entire railroad to raise them, or, if that could not be had, the appointment of a receiver. The bill as amended was dismissed on demurrer, the same as in the other two cases.

It is urged on behalf of appellee that there has been no valid assessment of its property within either of those districts because in order to the validity of an assessment thereof it was essential that the Railroad Commission find and determine its mileage in each; the county court having no jurisdiction in the matter. The cases of Commonwealth of Kentucky v. C. & O. R. R. Co., 122 Ky. 283, 91 S. W. 1137, and C. & O. R. R. Co. v. Vanceburg & Stout Lane Tr. Co. (Ky.) 104 S. W. 951, tend to bear out this contention; but we do not find it necessary to decide this question.

It is sufficient to say that what the lower court was asked to do was to exercise the power of taxation, that that power is legislative, incapable of being exercised otherwise than under legislative authority, and that there is no legislation in Kentucky authorizing the bringing of this suit. As the appellee is a public service corporation, were we left to section 25 of the act (Sess. Acts 1869–70, c. 366), possibly in view of the decisions of the Kentucky Court of Appeals in the District of Highlands (113 Ky. 612, 68 S. W. 669), and the City of Lexington (118 Ky. 221, 80 S. W. 811) Cases, referred to more fully in the opinion in the Sturgis Milling Company Case, it would have to be held that appellee was suable for the taxes, but not by the appellant. However, we are not left to that statutory provision. By section 4104 of the Kentucky Statutes (Russell's St. § 6105), it is provided as follows:

"Taxes, penalties and interests due the commonwealth from any railroad or bridge company may be recovered by the auditor of public accounts by action in the name of the commonwealth in the Franklin circuit court; and those due any county, city, incorporated town or taxing district may be re-

covered by the officer authorized to receive the same by action in the name of the commonwealth in any court of competent jurisdiction."

The taxes in suit here were due those two taxing districts. This provision of the Statutes of Kentucky must be accepted as exclusive. A railroad company is not otherwise suable for taxes due from it.

Appellant's counsel would apply here equitable principles which have been applied in suits against private corporations by its creditors to reach its assets. But such principles can have no application here because what is sought is that the court exercise the power of taxation which it cannot do otherwise than under legislative authority, and there is no legislation authorizing the bringing of such a suit as is brought here. It helps him not that there is no officer to bring the suit authorized by said section 4104. His appeal should be to the Legislature for relief and not to the courts.

The decree of the lower court is affirmed.